UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PAUL AND MELODY DEN BESTE,<br><br>　　　　　Debtors.<br>_____/ | No. C 12-4522 PJH<br>Bankr. Case No. 10-13558<br><br>**ORDER DENYING MOTION TO STAY** |

　　　Plaintiff/Appellant Paul Den Beste has filed a request to stay the appeal for 45 days pending his inspection of the record with respect to the bankruptcy record on appeal, filed as Docket No. 3. Defendant/Appellee Edith Mazzaferri opposes the motion to stay and objects to the motion to stay on the ground that Den Beste failed to serve a copy of the correspondence on her. The court notes, however, that Den Beste executed a proof of service by mail and overrules Mazzaferri's objection.

　　　Courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, the court must weigh various competing interests, including the possible damage which may result from granting the stay, the hardship to the parties if the suit is allowed to proceed, and the "'orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268).

　　　Here, Den Beste fails to demonstrate any hardship from allowing the appeal to proceed. Den Beste refers to records that he delivered to the Bankruptcy Appellate Panel

which he believes are not docketed, but he concedes that those "appeals are unrelated to this appeal at this time," and does not demonstrate that those unrelated proceedings warrant a stay in this matter. Further, Den Beste seeks a stay to give him time "to find out why the appellate record is not viewable on blanked out Docket # 3 of this Court's docket." That docket entry notes that the document is too voluminous to be electronically filed, and the record has been manually filed pursuant to Civil Local Rule 5-1(f). The manual filing of the bankruptcy court record does not warrant a stay in this proceeding. Den Beste's motion to stay is therefore DENIED.

**IT IS SO ORDERED.**

Dated: January 2, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge