UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PAUL AND MELODY DEN BESTE,<br><br>　　Debtors.<br>_____/ | No. C 12-4522 PJH<br><br>Bankr. Case No. 10-13558<br><br>**ORDER AFFIRMING ORDER<br>OF THE BANKRUPTCY COURT** |

Appellant and debtor Paul Den Beste ("Den Beste"), appearing pro se, appeals the bankruptcy court's August 8, 2012 order granting appellee Edith Mazzaferri's ("Mazzaferri") motion to annul the automatic stay. For the reasons set forth below, the court AFFIRMS the order of the bankruptcy court.

## BACKGROUND

### A.   Summary of State Court Proceedings

The following summary of background facts is taken from the allegations of the pleadings filed in the underlying state court litigation cited by Den Beste in his bankruptcy proceedings and in his papers on appeal.

In June 2010, Mazzaferri, as trustee of the Fiorani Living Trust, filed a lawsuit in San Francisco Superior Court against Den Beste and several other defendants, including her son, Ronald Mazzaferro ("Mazzaferro"). *See Mazzaferri v. Mazzaferro, et al.,* Case No. CGC 10-500462 (San Francisco Superior Court, complaint filed June 3, 2010). Mazzaferri, as trustee, seeks recovery of property that she alleged was removed unlawfully from an irrevocable trust. According to the allegations of Mazzaferri's complaint, her aunt and her aunt's husband, Anna and Luciano Fiorani, had a daughter, Lucia Fiorani, who suffers from developmental disabilities. On January 25, 2000, Anna and Luciano Fiorani executed the Fiorani Living Trust, of which Anna and Luciano Fiorani were the sole trustors and grantors,

as well as the initial co-trustees. The Fiorani Living Trust named Lucia Fiorani as the sole beneficiary of a special needs trust to care for Lucia for her lifetime. The Fiorani Living Trust named Mazzaferro as successor trustee and remainder beneficiary. Mazzaferri was named as the second successor trustee.

Anna Fiorani died in March 2000, and Luciano Fiorani died in April 2000. At the time of her parents' death, Lucia Fiorani was 53 years old and homeless, suffering from emotional, psychiatric and medical disorders. Mazzaferri's complaint alleged that at the time of Luciano Fiorani's death, the assets of the trust included a duplex on Filbert Street in San Francisco and significant cash accounts. In April 2000, Mazzaferro became the trustee of the Fiorani Living Trust. Mazzaferro allegedly converted the trust assets to his own benefit and did not provide care for Lucia. Mazzaferri's complaint further alleged that on June 23, 2004, a fraudulent deed of trust was executed which encumbered the Filbert Street property for the amount of $2,980,000, and named Den Beste as the trustee, although Den Beste has never been a trustee of the Fiorani Living Trust.

In June 2004, and again in July 2004, Lucia Fiorani sent Mazzaferro a letter requesting information about her parents' estate. In February 2005, she petitioned the probate division of the San Francisco Superior Court for an order requiring Mazzaferro to provide an accounting and requiring him to petition the court for settlement of the account. *See In the Matter of The Fiorani Living Trust,* Case No. PTR-05-286962 (San Francisco Superior Court, petition filed Feb. 1, 2005).

On March 15, 2005, Den Beste allegedly executed a fraudulent deed as trustee of the Fiorani Living Trust granting the Filbert Street property to the Lotchk Corporation, which was incorporated in Nevada in March 2004. This transfer was allegedly made for about $108,000, but the property was allegedly valued at about $1,621,000.

In May 2005, the superior court ordered Mazzaferro to provide an accounting of his administration of the Fiorani Living Trust, which he failed to do. In January 2006, the superior court issued a warrant of attachment of the body of Mazzaferro for contempt, and issued a second warrant in January 2007. In September 2009, Lucia Fiorani petitioned the

superior court to remove Mazzaferro as trustee, and to appoint Mazzaferri as successor trustee.

In October 2009, Lotchk Corporation allegedly executed a fraudulent deed transferring title of the Filbert Street property to Great Sunset Ventures, Inc., a Wyoming corporation.

In December 2009, the superior court issued an order removing Mazzaferro as trustee, appointing Mazzaferri as trustee, and requiring Mazzaferro to turn over all assets, books and records of The Fiorani Living Trust. In April 2010, the superior court issued a third warrant of attachment for contempt as to Mazzaferro.

On June 3, 2010, Mazzaferri filed the action in superior court against Mazzaferro, Den Beste and others, alleging claims for breach of trust, breach of contract, breach of fiduciary duty, intentional misrepresentation, negligent misrepresentation, conversion, conspiracy, negligence, unjust enrichment and quiet title. Several of the defendants, including Den Beste, filed motions to strike Mazzaferri's complaint under the anti-SLAPP (strategic lawsuit against public participation) statute, which the superior court denied by order entered December 10, 2010. The superior court found that the special motions to strike were frivolous and solely intended to cause unnecessary delay, and ordered the moving defendants jointly and severally to pay Mazzaferri fees and costs in the amount of $11,150. On January 7, 2011, the superior court ordered that a writ of execution be issued on the order for payment of attorney's fees and that an abstract of judgment be issued. The superior court also ordered that Den Beste and his co-defendants were jointly and severally liable for an additional $4,150 in fees and costs incurred in enforcing the December 10, 2010 order. Den Beste and his co-defendants appealed from the order and judgment awarding fees and costs to Mazzaferri.[1] *See Mazzaferri v. Mazzaferro, et al.*, Case No. A131076 (Cal. Ct. App., 1 Dist.). On November 9, 2011, the court of appeal

---

[1] The defendants in the *Mazzaferri* action separately appealed from the superior court's order denying their anti-SLAPP motions, which the court of appeal affirmed on November 9, 2011. *See Mazzaferri v. Mazzaferro, et al.*, Case No. A131261 (Cal. Ct. App., 1 Dist.).

3

reversed the orders awarding sanctions on the grounds that the superior court failed to specify its reasons for imposing the sanctions and erred by using a summary procedure, rather than a noticed motion, to impose further sanctions. The court of appeal remanded for reconsideration and to allow Mazzaferri to renew her motions for sanctions.[2] The court of appeal also issued an order declaring Den Beste and his co-defendants vexatious litigants, and prohibited any of them from filing any new litigation in the state courts appearing in propria persona without first obtaining leave of the presiding judge of the court where the litigation would be filed.

The individual defendants filed petitions for review of the vexatious litigant order. *See Mazzaferri v. Mazzaferro*, Case No. S198851 (Cal.). On January 6, 2012, the supreme court ordered Den Beste's petition stricken for failure to complete his application for waiver of court fees. On January 25, 2012, the supreme court denied the remaining petitions for review. On January 27, 2012, the court of appeal entered the prefiling order naming Den Beste and the other individual defendants as vexatious litigants. *Mazzaferri v. Mazzaferro, et al.*, Case No. A131076 (Cal. Ct. App., 1 Dist.).

On January 31, 2012, Lucia Fiorani's conservator, William Parisi, filed a petition for damages in the probate proceedings on Lucia's behalf against Mazzaferro, Den Beste, and others, alleging claims for financial abuse of a dependent adult, fraud, constructive fraud, return of property and judicial determination of fiduciary abuse. *See Parisi v. Mazzaferro, et al.*, Case No. PTR-05-286962 (San Francisco Superior Court, subsequent petition filed Jan. 31, 2012). That petition remains pending before the state court.

On February 27, 2012, Den Beste filed a notice of removal of the *Mazzaferri* action, in which the individual defendants joined. *See Mazzaferri v. Mazzaferro, et al.*, Case No.

---

[2] On remand, the superior court granted Mazzaferri's noticed motion for an award of sanctions against Den Beste and his co-defendants for filing a frivolous anti-SLAPP motion to strike, in the amount of $31,649 for expenses incurred by Mazzaferri in opposing the initial motion to strike, attempting to enforce the court's order on the initial motion, responding to the defendants' appeal, and bringing the current motion for sanctions. *Mazzaferri*, Case No. CGC-10-500462 (San Francisco Superior Ct., order filed Jan. 16, 2013).

4

12-992 PJH (N.D. Cal.). By order entered May 15, 2012, the court remanded the action to superior court.

In March 2012, Den Beste filed a notice of stay of proceedings in the *Mazzaferri* state court action and in the probate proceedings, citing his bankruptcy petition.

**B.     Bankruptcy Proceedings**

Den Beste and his wife, Melody Den Beste, (collectively, "debtors") filed a chapter 13 bankruptcy petition on September 15, 2010, case number 10-13558 (Bankr. N.D. Cal.). On October 21, 2010, debtors converted their case to chapter 7.

  **1.     Adversary Proceedings**

On February 11, 2011, Den Beste filed a complaint against Mazzaferri for violation of the automatic bankruptcy stay. Den Beste filed the complaint in the district court, which transferred the action to the bankruptcy court. *See Den Beste v. Mazzaferri*, Adv. No. 11-1109 (Bankr. N.D. Cal.). By order entered June 30, 2011, the bankruptcy court dismissed the action for lack of prosecution. The bankruptcy court subsequently denied Den Beste's motion for relief from the order of dismissal after holding a hearing on August 26, 2011, and issued a written order on December 1, 2011, denying relief from dismissal.

On November 30, 2011, Den Beste filed another adversary proceeding against Mazzaferri and four other defendants for violating the automatic bankruptcy stay. *See Den Beste v. Harrington, et al.*, Adv. No. 11-1298 (Bankr. N.D. Cal.). Den Beste alleged that after Mazzaferri filed a lawsuit against him in state court in June 2010, Mazzaferri was aware of Den Beste's bankruptcy filing, yet obtained the judgment against him in January 2011 granting an award of sanctions. On April 24, 2012, Mazzaferri and three co-defendants filed a motion for summary judgment in the adversary proceedings on the ground that under Ninth Circuit authority, an award of attorney's fees as a sanction for improper conduct in litigation is exempt from the automatic bankruptcy stay, citing *In re Berg*, 230 F.3d 1165, 1168 (9th Cir. 2000). By order entered June 18, 2012, the bankruptcy court granted Mazzaferri's motion for summary judgment and dismissed the

adversary proceeding with prejudice.[3]  The bankruptcy court also granted Mazzaferri's motion for attorney's fees in the amount of $15,000, by order entered September 5, 2012. Den Beste filed a motion to vacate the award of attorney's fees, which the bankruptcy court denied, after holding a hearing, by order entered November 13, 2012.  Den Beste filed an appeal, now pending, in the district court from the bankruptcy court's order denying his motion to vacate the fee award in his adversary proceeding.  *See [Den] Beste v. Harrington, et al.*, Case. No. 12-6189 SBA (N.D. Cal.).

On February 17, 2012, the bankruptcy court issued a pre-filing order requiring prior leave of the bankruptcy court before either Den Beste or Melody Den Beste could commence an adversary proceeding in any bankruptcy court.  In so ordering, the bankruptcy court noted that "debtors have been abusing their status as debtors to harass creditors by filing adversary proceedings having no merit for alleged violations of the automatic stay."

On March 19, 2012, the bankruptcy court issued a judgment in case number 10-13558, denying debtors' discharge.  The bankruptcy court issued this judgment after holding a trial in an adversary proceeding brought against debtors by their principal creditor, Mandy Power dba Judgment Enforcement USA.  *See Power v. Den Beste*, Adv. No. 11-1184 (Bankr. N.D. Cal.).  Power filed a complaint seeking denial of discharge, alleging that debtors knowingly and fraudulently filed materially false bankruptcy schedules. Power alleged that debtors failed to schedule various assets, including 60 acres of property, bank accounts, horses, vehicles (including a Hummer, a Corvette and a Harley Davidson motorcycle), and their beneficial interest in a family trust.  The bankruptcy court found that "the Den Bestes knowingly and fraudulently filed false schedules under oath with

---

[3] In the interim between the filing of Mazzaferri's motion for summary judgment and the bankruptcy court's order granting summary judgment in her favor, Den Beste filed a motion in the district court to withdraw the reference on May 10, 2012.  *See In re Paul Den Beste*, Case. No. 12-2354 SBA (N.D. Cal.).  After the bankruptcy court issued the judgment for defendants in Den Beste's adversary proceeding on June 18, 2012, Den Beste filed notice in the district court that the motion to withdraw reference was moot.  The district court accordingly dismissed the action by order entered September 17, 2012.

6

the intent to thwart Power in her efforts to enforce the judgments lawfully assigned to her and with the intent to conceal material assets from her." The bankruptcy court concluded that debtors "are accordingly not entitled to a discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code, as well as § 727(a)(2)(B)."

Debtors appealed the bankruptcy court's order denying their motion to dismiss Power's adversary proceeding and the bankruptcy court's post-trial judgment denying them a discharge under § 727(a)(4)(A)2 for knowingly and fraudulently making false oaths on their bankruptcy schedules. The bankruptcy appellate panel affirmed both orders, and debtors appealed the BAP rulings. On January 4, 2013, the Ninth Circuit dismissed the appeal for failure to file an opening brief. *See In re Paul Den Beste*, Case. No. 12-60048 (9th Cir.).

### 2. Present Appeal

On June 28, 2012, Mazzaferri filed a motion to annul the automatic stay retroactively pursuant to 11 U.S.C. § 362(d)(1), on the grounds that the Den Bestes acted in bad faith and abused their status as debtors to harass Mazzaferri, other parties of interest, and creditors by filing meritless adversary proceedings for alleged violations of the automatic stay. Mazzaferri also filed an ex parte application for an order relieving her of the obligation to file a Relief From Stay Cover Sheet with her motion to annul, as required by Bankruptcy Local Rule 4001-1(b), which the bankruptcy court granted by order entered July 2, 2012. Den Beste, through his attorney, filed an opposition to the motion to annul. The chapter 7 trustee filed a response to the motion and to Den Beste's opposition, clarifying that the trustee did not oppose Mazzaferri's motion to the extent that retroactive annulment of the automatic stay was limited to those acts by Mazzaferri against the debtors, and did not extend to all acts taken against the estate.

On August 8, 2012, the bankruptcy court granted Mazzaferri's motion to annul the automatic stay and ordered that all post-bankruptcy actions in the proceedings in San Francisco Superior Court, Case No. 10-500462, were deemed not to have violated the

7

automatic stay. This appeal followed. Den Beste filed an opening brief on October 22, 2012. Mazzaferri filed an answering brief on November 7, 2012.

On November 12, 2012, Mazzaferri filed a motion for sanctions, which the court denied without prejudice. Den Beste subsequently filed a notice that he was awaiting a revised briefing schedule from the court for a new deadline to file his reply brief. By order entered November 27, 2012, the court *sua sponte* extended the time to file a reply brief, but noted, "As debtor recognizes, the order entered November 14, 2012 vacated only the briefing schedule and hearing date noticed for the motion for sanctions. The court did not vacate the briefing deadline for debtors' reply brief, which was not timely filed." Doc. no. 12. Den Beste did not file a reply brief, and the appeal was deemed submitted as of December 5, 2012.

By letter filed December 11, 2012, Den Beste requested that the appeal be stayed for 45 days pending his inspection of the record with respect to the bankruptcy record on appeal. The court held that the manual filing of the bankruptcy court record did not warrant a stay and denied Den Beste's motion to stay. Doc. no. 15.

**ISSUES PRESENTED**

Den Beste presents the following issues on appeal:

(1)  Did Mazzaferri have standing to seek relief from the automatic stay?

(2)  Did the bankruptcy court abuse its discretion in granting Mazzaferri's motion to annul the automatic stay as to her state court action against Den Beste?

**STANDARDS OF REVIEW**

The court reviews the bankruptcy court's conclusions of law de novo, and its findings of fact for clear error. *Citibank v. Eshai (In re Eshai)*, 87 F.3d 1082, 1086 (9th Cir. 1996). A factual finding is clearly erroneous if, after examining the evidence, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

8

A decision of the bankruptcy court to retroactively lift the automatic stay is reviewed for an abuse of discretion. *In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) (citing *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108 (9th Cir. 1995)).

## DISCUSSION

**A.  Legal Standard**

Pursuant to 11 U.S.C. § 362, a petition in bankruptcy operates as a stay against acts that may affect property of the bankruptcy estate. The automatic stay is designed to "'protect debtors from all collection efforts while they attempt to regain their financial footing.'" *Nat'l Envtl. Waste Corp.*, 129 F.3d at 1054 (quoting *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992)). Actions taken in violation of the stay are void. *Id.* However, section 362(d) "'gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay.'" Id. (quoting *Schwartz*, 954 F.2d at 572).

Section 362 provides that the bankruptcy court may order relief from the stay "for cause:"

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1). A decision to lift the automatic stay under § 362 is within the discretion of the bankruptcy court. *In re Kissinger*, 72 F.3d at 108.

To determine "cause" to annul the automatic stay retroactively, the bankruptcy court applies a "balancing of the equities" test. *Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055. While a mechanistic application of factors is inappropriate in making this determination, two significant factors may be considered as an aid to the court in weighing the equities to determine whether cause exists to annul the stay: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor. *In re Fjeldsted*, 293 B.R. 12, 24 (B.A.P.

9

9th Cir. 2003) (citing *Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055). These two factors are not dispositive, however, and the cause determination requires a case by case analysis. *Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055. The courts may consider other factors which "further examine the debtor's and creditor's good faith, the prejudice to the parties, and the judicial or practical efficacy of annulling the stay." *Fjeldsted*, 293 B.R. at 24-25.

**B.  Bankruptcy Court's Ruling**

During a hearing on Mazzaferri's motion to annul and other motions, the bankruptcy court determined that there was good cause to annul the automatic stay as to any actions related to Mazzaferri's state court litigation. The bankruptcy court noted that in the state court action, Den Beste brought the anti-SLAPP motion to strike after he filed the bankruptcy petition, and that the superior court's ruling on his anti-SLAPP motion "went all the way up to the appellate courts." July 27, 2012 Transcript at 4. The bankruptcy court stated that it "had no problem annulling the stay as to any actions in relation to that, because it's for a specific purpose, and obviously the Debtor started it. And obviously the State Court spent a lot of time adjudicating that matter. I don't want that to be for naught." *Id.* at 4-5. The bankruptcy court found that Mazzaferri's motion to annul was overbroad and declined to annul the automatic stay entirely, but granted the motion to annul the stay from the beginning of the Mazzaferri state court litigation "to validate all the work that the State Courts did," noting that the litigation continued with Den Beste's "full cooperation" even after he filed for bankruptcy. *Id.* at 5.

The bankruptcy court also held that Mazzaferri was excused from the obligation to file a proof of claim, and overruled Den Beste's objection to Mazzaferri's standing to seek annulment because she did not file a proof of claim in the bankruptcy proceedings and never filed a motion for relief from stay. *Id.* at 6-7. Accordingly, the bankruptcy court ordered that all post-bankruptcy actions in the *Mazzaferri v. Mazzaferro, et al.* lawsuit, San Francisco Superior Court Case Number CGC-10-500462, were deemed not to have violated the automatic stay. *In re Den Beste*, Case No. 10-13558 (Bankr. N.D. Cal., Aug. 8, 2012).

**C.     Analysis**

    **1.     Mazzaferri's Standing to Seek Annulment of Stay**

On the threshold issue whether Mazzaferri had standing to file the motion to annul the automatic stay, Den Beste challenges Mazzaferri's standing to seek annulment because she had never filed a proof of claim in the bankruptcy proceedings. At the hearing on the motion for annulment, counsel for Den Beste argued that Mazzaferri lacked standing because she did not file a proof of claim and never filed a motion for relief from the stay. The bankruptcy court rejected this argument and excused Mazzaferri from the obligation to file a proof of claim, holding that filing a proof of claim was not necessary for seeking relief from the automatic stay under section 362(d). Aug. 15, 2012 Transcript at 7 ("A Proof of Claim does not have anything to do with it. They can file a claim or not file a claim, but we're just talking about the automatic stay.").

Standing to bring a motion to annul the stay is a legal issue subject to de novo review. *See In re Kronemyer*, 405 B.R. 915, 919 (B.A.P. 9th Cir. 2009); *In re Advanced Ribbons & Office Products, Inc.*, 125 B.R. 259, 262 (B.A.P. 9th Cir. 1991) (citing *In re Brooks*, 871 F.2d 89, 90 (9th Cir. 1989)). Section 362(d) authorizes the bankruptcy court to grant relief from the automatic stay "[o]n request of a party in interest." The issue presented on appeal, therefore, is whether Mazzaferri is a "party in interest" in Den Beste's bankruptcy case.

"The term 'party in interest' is not defined in the Bankruptcy Code. Status as 'a party in interest' under § 362(d) 'must be determined on a case-by-case basis, with reference to the interest asserted and how [that] interest is affected by the automatic stay.'" *In re Kronemyer*, 405 B.R. 915, 919 (B.A.P. 9th Cir. 2009) (quoting *In re Woodberry*, 383 B.R. 373, 378 (Bankr. D.S.C. 2008)). In *Kronemyer*, the bankruptcy appellate panel cited out-of-circuit precedent for the "narrow view that *only* creditors have standing to bring a motion for relief from the automatic stay." *Id.* at 921 (citing *Roslyn Sav. Bank v. Comcoach Corp.* (*In re Comcoach Corp.*), 698 F.2d 571, 573-74 (2d Cir. 1983)). However, as the district court noted in *In re Cini*, 2012 WL 2374224, *13 (Bankr. D. Mont. June 22, 2012), this view

11

contrasts with precedent in the Ninth Circuit which is "'appropriately lenient with respect to standing for stay relief.'" *Id.* (citing *Veal v. Amer. Home Mortg. Servicing, Inc.* (*In re Veal*), 450 B.R. 897, 913-14 (9th Cir. BAP 2011)). In *Veal*, the bankruptcy appellate panel recognized that its prior precedent applied a lenient view of standing for stay relief: "[c]reditors may obtain relief from the stay if their interests would be harmed by continuance of the stay." 450 B.R. at 913-14 (citing *Kronemyer*, 405 B.R. at 921). "Collier uses a similarly expansive statement: 'Any party affected by the stay should be entitled to seek relief.'" *Id.* (citing 3 Collier on Bankruptcy ¶ 362.07[2] (Henry Sommer and Alan Resnick, eds., 16th ed. 2011)).

With respect to Den Beste's argument that Mazzaferri lacks standing to seek relief from the stay because she did not file a proof of claim and is therefore not entitled to distribution from the chapter 7 estate, filing a proof of claim is not determinative of being a party in interest who has standing to seek annulment of an automatic stay. "[A] party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate." *Veal*, 450 B.R. at 914–15.

Mazzaferri contends that she is a party in interest under section 362(d) because Den Beste named her as a defendant in Adversary Proceeding No. 11-1298, alleging that she violated the automatic stay by obtaining a judgment awarding sanctions against Den Beste in state court. Mazzaferri does not cite authority for the proposition that she is a party in interest by virtue of being named as a defendant in an adversary proceeding filed by the debtor in the bankruptcy proceedings. However, the record supports a finding that Mazzaferri has a colorable claim under state law against Den Beste in her superior court action, and is therefore a party in interest under the expansive view of standing articulated in *Kronemyer*, 405 B.R. at 921 ("[c]reditors may obtain relief from the stay if their interests would be harmed by continuance of the stay"). *Cf. Veal*, 450 B.R. at 917 (Wells Fargo lacked standing to seek relief from the stay where it failed to show that it was entitled to enforce the note against the property of the estate and therefore lacked a colorable claim). Mazzaferri, acting as trustee of the Fiorani trust, has asserted claims against Den Beste for

recovery of the trust assets, and her interest in litigating those claims in state court were subject to the automatic stay. *Kronemyer*, 405 B.R. at 919 (status as a party in interest is "determined on a case-by-case basis, with reference to the interest asserted and how [that] interest is affected by the automatic stay."). Mazzaferri therefore has standing to seek annulment of the stay.

### 2. Cause for Annulment of Stay

The court reviews the bankruptcy court's decision to annul the automatic stay as to the *Mazzaferri v. Marraferro, et al.* state court litigation for an abuse of discretion. The Ninth Circuit has articulated a two-part test to determine objectively whether there is an abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009). First, the court must determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested. *Id.* If the bankruptcy court failed to do so, it abused its discretion.

If the bankruptcy court identified the correct legal rule, the court moves to the second step which examines the bankruptcy court's factual findings under the clearly erroneous standard. *Id.* at 1262 & n. 20. The court must affirm the bankruptcy court's factual findings unless those findings are "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (citations and internal quotation marks omitted). If the bankruptcy court's decision resulted from a factual finding that was illogical, implausible or without support in the record, the decision must be reversed for an abuse of discretion.

Applying this two-part test to the decision below, the court concludes that the bankruptcy court did not abuse its discretion by granting the motion to annul the automatic stay as to the *Mazzaferri* state court litigation.

The bankruptcy court identified the correct legal rule applicable to Mazzaferri's motion to annul, that is, under § 362(d)(1), the bankruptcy court may annul and/or terminate the automatic stay for cause. *See Christensen v. Tucson Estates, Inc.* (*In re Tucson*

13

*Estates, Inc.*), 912 F.2d 1162, 1166 (9th Cir. 1990). "Cause" has no clear definition, so it is determined on a case-by-case basis. *Id.*

Under Ninth Circuit authority, the bankruptcy court must balance the equities in determining whether cause exists to annul the automatic stay. *Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055. In doing so, the bankruptcy court focuses on two factors: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or unfair prejudice would result to the creditor. *Id.* These factors are not dispositive, however, on the question whether cause exists to annul the stay. *Fjeldsted*, 293 B.R. at 24. The courts may consider other factors which further examine the debtor's and creditor's good faith, the relative prejudice to the parties, and the judicial or practical efficacy of annulling the stay. *Id*. at 24-25. "Among factors appropriate to consider in determining whether relief from the automatic stay should be granted to allow state court proceedings to continue are considerations of judicial economy and the expertise of the state court." *Kronemyer*, 405 B.R. at 921 (citing *MacDonald v. MacDonald* (*In re MacDonald*), 755 F.2d 715, 717 (9th Cir. 1985)).

Here, the bankruptcy court narrowly granted Mazzaferri's motion to annul the stay as to her lawsuit in state court after finding that Den Beste filed an anti-SLAPP motion to strike in her state court action after he had filed for bankruptcy. The bankruptcy court determined that the "litigation continued after the bankruptcy with the Debtor's full cooperation." Aug. 15, 2012 Transcript at 5. The bankruptcy court further found that Den Beste's motion to strike "ended up going up to the appellate court," and that the state courts "spent a lot of time adjudicating that matter." Aug. 15, 2012 Transcript at 4-5, 6. The bankruptcy court determined that there was cause to annul the stay as to Mazzaferri's state court litigation based on the limited scope of annulment, Den Beste's own involvement in continuing the state court litigation after filing for bankruptcy, and validation of "all the work that the State Courts did."

Den Beste contends that he did not violate the automatic stay by appealing the judgment of the superior court issuing sanctions against him and the other defendants in

14

the *Mazzaferri* lawsuit for filing a frivolous anti-SLAPP motion to strike. The fact that Den Beste filed an appeal is not relevant, however, to the bankruptcy court's finding that Den Beste voluntarily filed his initial motion to strike in the superior court after he filed his bankruptcy petition. This finding that Den Beste continued to litigate the *Mazzaferri* action after he filed for bankruptcy was based on the filing of the motion to strike, not the filing of the appeal.

The bankruptcy court also considered judicial economy in finding that the state courts had invested significant time in adjudicating the issues raised on appeal, which followed Den Beste's post-petition motion to strike. Den Beste contends that he won the appeal in that the court of appeal reversed the award of sanctions. Den Beste overlooks the reasoning of the court of appeal, which reversed the sanctions ruling solely on procedural grounds, holding that the superior court failed to specify its reasons for imposing sanctions, as required by the anti-SLAPP statute, and that the superior court imposed further sanctions in an ex parte proceeding, without providing the defendants with adequate notice and an opportunity to be heard. *Mazzaferri v. Mazzaferro, et al.,* Case No. A131076 (Cal. Ct. App., opinion filed Nov. 9, 2011). The court of appeal granted Mazzaferri leave to file a noticed motion for sanctions on remand, and held that "the record would support a sanctions order, and we therefore remand for the trial court's reconsideration." *Id.* at 8. Thus, the court of appeal remanded for compliance with the requirements of the anti-SLAPP statute but concluded that the record would support an award of sanctions. By separate order, the court of appeal affirmed the superior court's denial of the anti-SLAPP motion and sanctioned the defendants for pursuing a frivolous appeal. *Mazzaferri v. Mazzaferro, et al.,* Case No. A131261 (Cal. Ct. App., opinion filed Nov. 9, 2011). The record supports the bankruptcy court's findings that Den Beste filed the motion to strike in state court (on December 10, 2010), after he filed his bankruptcy petition (on September 15, 2010). The record also supports the finding that significant time and resources were spent by the superior court in adjudicating Den Beste's motion to strike and awarding sanctions for filing a frivolous motion to strike, and by the court of appeal in affirming the

15

ruling denying the anti-SLAPP motion, awarding sanctions for filing a frivolous appeal, and reversing the sanctions orders on procedural grounds and remanding for reconsideration.

Den Beste further argues that Mazzaferri had knowledge of his bankruptcy filing at least as early as December 22, 2010, but obtained a state court judgment, based on the award of sanctions against Den Beste, in violation of the stay. The bankruptcy court did not make a specific finding as to whether Mazzaferri was aware of Den Beste's bankruptcy petition, but that factor did not appear to be disputed by Mazzaferri and is not dispositive as a matter of law on whether there was cause for annulment. *Fjeldsted*, 293 B.R. at 24. The bankruptcy court considered other relevant factors, primarily that Den Beste himself continued to engage in litigation in state court and that the superior court and the court of appeal had adjudicated Den Beste's anti-SLAPP motion and other issues in the *Mazzaferri* lawsuit. The bankruptcy court did not abuse its discretion in concluding that these factors, taken together, established cause to annul the stay as to that particular state court action.

Den Beste contends on appeal that the bankruptcy court abused its discretion by ordering annulment of the stay because "[b]ased on past performance of [Mazzaferri] and her counsel as associates of and with convicted felon embezzler Mansuetto Anthony Lenci, the ORDER GRANTING EDITH MAZZAFERRI'S MOTION TO ANNUL AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) will be broadly construed by corrupt state court proceedings that are designed to harass debtor in violation of Title 11 U.S.C. 362." Notice of Appeal at 4. Den Beste did not present this argument to the bankruptcy court in his opposition to Mazzaferri's motion to annul, and cannot raise it for the first time on appeal. *In re Enewally*, 368 F.3d 1165, 1173 (9th Cir. 2004) (citing *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991)).

Mazzaferri contends that the bankruptcy court also found that Den Beste engaged in bad faith as cause for the annulment. Appellee Brief at 4. Mazzaferri relies on the bankruptcy court's findings in support of its order denying the discharge, where the bankruptcy court found that Den Beste and his wife "knowingly and fraudulently filed false schedules . . . with the intent to conceal material assets" from their principal creditor,

16

Powers. *In re Den Beste*, Adv. No. 11-1184 (Bankr. N.D. Cal, memorandum filed March 19, 2012). Upon review of the record, however, the court determines that the bankruptcy court did not rely on the findings it made in support of the order denying discharge, or otherwise make a finding of bad faith, in support of its ruling on Mazzaferri's motion to annul the automatic stay. Rather, the bankruptcy court gave specific reasons for narrowly granting the motion to annul as to the *Mazzaferri* lawsuit, citing Den Beste's cooperation in the state court litigation and the time and resources spent by the state courts in adjudicating that matter, particularly the anti-SLAPP motion to strike. *See In re Wardrobe*, 559 F.3d 932, 937 (9th Cir. 2009) ("an order granting limited relief from an automatic stay to allow a creditor to proceed to judgment in a pending state court action is effective only as to those claims actually pending in the state court at the time the order modifying the stay issues, or that were expressly brought to the attention of the bankruptcy court during the relief from stay proceedings").

In light of this record, the bankruptcy court did not abuse its discretion in narrowly ordering annulment of the automatic stay only as to the *Mazzaferri* state court litigation.

## CONCLUSION

For the reasons set forth above, the court AFFIRMS the order of the bankruptcy court granting Mazzaferri's motion to annul the automatic stay.

**IT IS SO ORDERED.**

Dated: April 19, 2013

PHYLLIS J. HAMILTON
United States District Judge

17